JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Plaintiff-appellant, Robert Shepard ("Shepard"), appeals the trial court's judgment affirming the magistrate's decision. Finding no merit to the appeal, we affirm.
 {¶ 2} In August 2005, Michael and Chantel Esch (collectively referred to as the "Esches"), entered into a lease agreement with Shepard for the rental of a home in Parma. The lease was for a twelve and one-half month term set to expire on August 15, 2006. However, the Esches moved out in December 2005 because they were relocating for employment reasons.
 {¶ 3} In March 2006, Shepard filed suit against the Esches, seeking $3,000 in damages for breach of the rental contract, and the costs to repair the property and to re-rent it. In April 2006, the parties appeared for trial before a magistrate. The magistrate issued a decision in May 2006, finding that Shepard had incurred damages the amount of $1,851.45, but awarding him $901.45 because he had retained the Esches' $950 security deposit. Shepard filed objections to the magistrate's decision, which were overruled by the trial judge. In July 2006, the judge issued a judgment entry affirming the magistrate's decision awarding Shepard $901.45.
 {¶ 4} Shepard appeals, raising nine assignments of error. In the first, third, and fourth assignments of error, he argues that he should have received damages for the living and dining room floors and the bedroom floor. In the second assignment of error, he argues that he was denied an award for damages to a *Page 3 
window screen. In the fifth and sixth assignments of error, he argues that he was denied the cost for leaf removal and lawn repair. In the seventh assignment of error, he argues that he was denied his utility costs. In the eighth assignment of error, he argues that he should have been awarded advertising costs. In the ninth assignment of error, he argues that he should have received his labor costs for painting. All nine assignments will be discussed together because they involve the same standard of review and the single issue of the amount of damages awarded by the court.
 {¶ 5} Shepard contends that the living and dining room floors were significantly damaged from repeated urination by the Esches' dogs. He also contends that the Esches left a steam cleaner that damaged the master bedroom floor. He maintains that the trial court erred when it failed to award him $1,449 to refinish the living/dining room floors, $38.80 for cleaner and polyurethane costs to clean and seal the living/dining room floors, and $200 to repair the master bedroom floor.
 {¶ 6} He further contends that trial court erred when it did not award him $20 for damages the Esches caused to a window screen. The Esches maintain that the damage was caused by city workers. Shepard also argues that the Esches failed to remove leaves from the yard, causing the need for a new lawn. He claims it was the Esches' responsibility to remove leaves because they agreed to maintain the yard as part of the lease agreement. *Page 4 
 {¶ 7} He further maintains that the trial court erred when it did not award him utility costs, advertising costs, and labor costs for painting. He argues that he had to pay heating costs that he would not have incurred had the Esches remained for the full term of the lease. He also contends that he should be reimbursed for the advertising costs he incurred to re-rent the home.[1] Lastly, he argues that the court erred by not specifically addressing his $54.78 claim for paint labor costs.
 {¶ 8} Shepard, in essence, argues that the magistrate's denial of some of the items he requested was against the manifest weight of the evidence. In determining whether a judgment is supported by the manifest weight of the evidence, we are bound by the following standard of review: ?`Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.'"Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273, quoting C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus.
 {¶ 9} Furthermore, we give deference to the trial court's findings of fact. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. *Page 5 
 {¶ 10} A review of the record reveals that the magistrate considered the evidence submitted by Shepard along with the testimony of the parties. The magistrate weighed the evidence and concluded that Shepard did not meet his burden of proof on all the allegations in his complaint.[2] Thus, the magistrate awarded him a total of $1,851.45 and subtracted the $950 security deposit which Shepard had retained. We find competent, credible evidence to support the magistrate's decision. Therefore, the trial court's judgment was not against the manifest weight of the evidence.
 {¶ 11} Therefore, the nine assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, PRESIDING JUDGE
SEAN C. GALLAGHER, J. and CHRISTINE T. McMONAGLE, J. CONCUR
[1] The home was rented by another tenant in March 2006.
[2] The largest claim of damages involved refinishing floors at a proposed cost of $1,449. Shepard conceded that he did not actually incur that cost but carpeted the unit instead. *Page 1